IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIE LEE LARK, | : | CIVIL ACTION NO. **1:13-CV-0335** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| SHERIFF DILLMAN, *et al.*, | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I.    BACKGROUND.

On June 25, 2012, Plaintiff, Jamie Lee Lark, an inmate at SCI-Smithfield, Huntingdon, Pennsylvania, filed, *pro se,* his original Complaint. (Doc. 2).   Plaintiff filed his action in the Lebanon County Court of Common Pleas.  In his original Complaint, Plaintiff asserted state law negligence claims and named the Sheriff's Department of Lebanon County as the sole Defendant. Defendant Sheriff's Department of Lebanon County filed Preliminary Objections to Plaintiff 's Complaint and a Supporting Brief on September 12, 2012. (Docs. 2-1 & 2-2).

Subsequently, Plaintiff filed an Amended Complaint (**Doc. 2-3**) on October 1, 2012. In his Amended Complaint, Plaintiff named the following Defendants: Lebanon County Sheriff Dillman; Lebanon County Sheriff Bennings, Lebanon County Sheriff Knapp; Lebanon County Sheriff Klinger; Lebanon County Prison Corrections Officer ("CO") Hershey; Lebanon County Prison  Corrections Officer George Freeze; and Lebanon County Prison Sergeant Steve Davis ("Defendants").  Plaintiff re-asserted his state law negligence claims against his new seven (7) Defendants and he also raised constitutional claims against Defendants under the Eighth

Amendment.  To the extent Plaintiff raises Eighth Amendment claims against Defendants in his Amended Complaint, his  case is a civil rights action pursuant to 42 U.S.C. § 1983.

On February 8, 2013, Defendants filed a Notice of Removal of this case from Lebanon County Court of Common Pleas to this federal court pursuant to 28 U.S.C. §1441(a).  (Doc. 1).  Defendants also filed copies of all of the state court documents filed in this case.  (Docs. 2, 2-1, 2-2 & 2-3).   Plaintiff's Amended Complaint is found at **Doc. 2-3**.  In their Notice of Removal (Doc. 1), Defendants state that their Notice was timely since Plaintiff failed to serve them with his Amended Complaint when he filed it. Defendants further state that they did not receive notice of the filing of Plaintiff's Amended Complaint until February 1, 2013, and as such, their Notice of Removal is timely. (Doc. 1, p. 3).

Title 28 U.S.C. § 1446(b)(1), provides the following:

(b)    Requirements; Generally.-
(1)    The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Therefore, based on 28 U.S.C. § 1446(b)(1), we agree with Defendants that even though they did not file their Notice of Removal until February 8, 2013, after the thirty (30) day removal time period with respect to Plaintiff's October 1, 2012 Amended Complaint had concluded, their Notice of Removal was timely filed since they did not receive notice of Plaintiff's Amended Complaint until February 1, 2013.  We also find that this federal court has jurisdiction over Plaintiff's Amended Complaint raising, in part, constitutional claims, pursuant to 28 U.S.C.

§1331 and §1343.   Further, this court can exercise supplemental jurisdiction over Plaintiff 's

state law negligence claims pursuant to 28 U.S.C. §1367.

Subsequent to Defendants' Notice of Removal, Defendants prematurely filed a Motion

to Dismiss Plaintiff 's Amended Complaint **(Doc. 3)** on February 13, 2013.  On February 25,

2013, Defendants filed their support brief.  (Doc. 5).

Defendants paid the full filing fee upon removal of this case to federal court. Plaintiff did

not pay the filing fee in this federal court.  Thus, we are obliged to screen Plaintiff's Amended

Complaint in accordance with the Prison Litigation Reform Act of 1995, (the "PLRA"), 28 U.S.C.

§ 1915.[1]

## II.    STANDARDS OF REVIEW.

### A.    PLRA

In *Laganella v. Don's & Son's Towing & Body Shop*, 2011 WL 7063643, *3 (M.D. Pa.

October 11, 2011), adopted by 2012 WL 162288 (M.D. Pa. Jan. 19, 2012), the Court stated:

> Moreover, we have not yet screened Plaintiff's Complaint which is
> required under the PLRA before any Defendant is obliged to respond to
> it. *See Banks v. County of Allegheny,* 568 F.Supp.2d 579, 589
> (W.D.Pa.2008) ("The court's obligation to dismiss a complaint under the
> PLRA screening provisions is not excused even after defendants have filed
> a motion to dismiss.") citation omitted; *Bartelli v. Beard,* 2008 WL
> 4363645 (M.D.Pa.9–24–08) (Court screened inmate's civil rights
> Complaint under PLRA even though he filed it in state court and
> Defendants removed it to federal court). As stated, Plaintiff Laganella did
> not pay the filing fee in the state court, and he did not pay the filing fee

---

[1]We note that even though Defendants' Motion to Dismiss Plaintiff's Amended
Complaint is not yet fully briefed, we issued this R&R based on the Court's obligatory screening
under the PLRA. We also note that we largely agree with Defendants' arguments raised in their
Motion and support brief.

in this Court. Thus, this Court can screen Plaintiff's Complaint even though Plaintiff is not complaining about prison conditions. *See Palencar v. Cobler Realty Advisors,* Civil No. 09–0325, M.D. Pa., 7–24–09 slip op. pp. 5–6; *Wright v. Loftus,* Civil No. 09–1305, M.D. Pa., 11–20–09 Memorandum, p. 4, 2009 WL 4051244 (M.D.Pa.); *Leininger v. Twoton Inc.,* 2009 WL 1363386, * 2 (M.D.Pa.); *Maynard v. ENT Surgical Assoc.,* Civil No. 09–1993, M.D. Pa. (1–26–10 Memorandum); *McIntyre v. City of Wilmington,* 360 Fed. Appx. 355, 356 (3d Cir.2010) (court stated that screening process was required by 28 U.S.C. § 1915 for civil action filed by non-inmate seeking to proceed *in forma pauperis* ).

Thus, § 1915(e) obligates the Court to engage in a screening process when a person wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Despite the fact that Plaintiff is not complaining about prison conditions, § 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 110, n. 10 (3d Cir.2002); *Lopez v. Smith,* 203 F.3d 1122, 1129 (9th Cir.2000); *Williams v. Marino,* Civil No. 03–0632, M.D. Pa. January 12, 2004, Memorandum and Order, p. 4.

As stated, Defendants have filed a Notice of Removal (Doc. 1) and have paid the filing fee upon removal. Thus, the PLRA obligates the Court to engage in a screening process of Plaintiff 's Amended Complaint pursuant to 28 U.S.C. § 1915. Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

**B.       *42 U.S.C. § 1983***

As stated, Plaintiff asserts constitutional claims against state actor Defendants in his

Amended Complaint under §1983. In a § 1983 civil rights action, the plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983."). "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660 (citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon

which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shownthrough allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

The Court uses the same standard to screen a complaint under the PLRA as it does for a Rule 12(b)(6) motion to dismiss. *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.); *Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.).

## C.  MOTION TO DISMISS

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires

the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id. Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

### III.   ALLEGATIONS OF PLAINTIFF'S AMENDED COMPLAINT.

In his Amended Complaint (**Doc. 2-3**, pp. 1-7), Plaintiff states that on December 28, 2011, while confined in the Lebanon County Correctional Facility ("LCCF"),[2] he was told by

---

[2]We note that while Plaintiff refers to the prison as the Lebanon County Jail and Prison in his Amended Complaint, the correct name of the prison is the Lebanon County Correctional

the "guard" to prepare for court. Plaintiff states he was subsequently taken to the transport area

of LCCF by the prison guards. Plaintiff further states that he was placed in handcuffs and leg

shackles by unnamed employees of the Lebanon County Sheriff's Department while he was still

at LCCF. Plaintiff avers that he asked "the sheriff" how he was supposed to walk down the stairs

at LCCF in handcuffs and leg shackles and was told by "the sheriff" to be quiet. Plaintiff

indicates that he had to walk down a flight of stairs, separated into two parts by a landing, at

LCCF to get to the van which was going to transport Plaintiff and other inmates to the Lebanon

County Courthouse. Plaintiff states that at the top of the stairs there were "Sheriff's (sic) and

prison guards." Plaintiff states that he made it down the first half of steps where there was a

landing, but as he continued down the second half of steps he fell forward because of his leg

shackles. Plaintiff further states that he fell air borne down the stairs and hit his head and back

on the sidewalk. Plaintiff also states that because he was handcuffed at the waist, there was no

way he could have grabbed onto something to break his fall. Additionally, Plaintiff states that

neither the LCCF guards nor the Lebanon County sheriffs could help him as he fell since they

were located at the top of the steps and at the bottom of the steps waiting at the van.

    After his fall, Plaintiff states that he was in "unbelievable" pain laying on the sidewalk and

that it was hard to breathe while he waited for a medical transport to take him to an outside

hospital. (Doc. 2-3, pp. 1-3). Plaintiff further states that he was taken to the hospital and given

x-rays which showed "very badly" bruised ribs. (Doc. 2-3, p. 4).

    Furthermore, Plaintiff alleges that the unnamed the LCCF guards and Lebanon County

---

Facility. As such, we refer to the correct name of the prison herein.

sheriffs, who were at the top and bottom of the steps, "had a callous disregard for [his] safety which violated the Eighth Amendment and created an unreasonable risk of injury in transportation conditions." (*Id*.). Plaintiff also avers that the conduct by the unnamed the LCCF guards and Lebanon County sheriffs, "by not securing [him] while transporting [him] to court violates the common laws of this state." We construe Plaintiff to be raising state law negligence claims against Defendants in addition to his constitutional claims. (*Id*.).

Plaintiff alleges that Defendants "Guards" Hershey and Freeze simply watched as the unnamed Sheriff Deputies let him walk down the steps unattended wearing handcuffs and shackles. Plaintiff states that the Officer in Charge was Defendant Sergeant Steve Davis. Plaintiff states further that Defendant Davis violated his rights by failing to direct the guards to escort him down the steps due to the hand cuffs and shackles, and by failing to make sure the Sheriff Deputies handled Plaintiff properly. (*Id.*, p. 4).

Plaintiff alleges gross negligence by the unnamed LCCF Correctional Officers for allowing the unnamed Sheriff Deputies to handle him the way they did. (*Id.*, p. 4). Plaintiff concludes his statement of claims by alleging that both the LCCF Guards and the Lebanon County Sheriff Deputies "violated policies on handling and transporting prisoners." (*Id*.).

In Section V of his Amended Complaint, "Claim for Relief," Plaintiff states that Defendants Sheriff Dillman and Deputies Bennings, Knapp, and Klinger violated the policy on transporting prisoners and did so "maliciously and sadistically" thus, violating his Eighth Amendment right against cruel and unusual punishment. (*Id.*, p. 5).

Furthermore, Plaintiff alleges that Defendants CO Hershey, CO Freeze, and Sergeant

Davis by "failing to intervene and make sure [he] was secure in walking down the stairs violated [his] State and Federal rights by their gross negligence and their acts of cruel and unusual punishment." (*Id.*, p. 5).

Plaintiff also alleges that all seven Defendants violated his State and Federal rights by not following the required proper procedure on securing and transporting inmates. (*Id.*, p. 5).

Finally, in Section VI of his Amended Complaint, "Relief Requested," Plaintiff requests monetary damages for his physical and emotional injuries that were caused by his fall. Plaintiff requests "$100.000" (sic) in compensatory damages from Defendants Dillman, Bennings, Knapp, and Klinger. Additionally, Plaintiff requests "$10.000" (sic) against Defendants Hershey, Freeze, and Davis. Furthermore, Plaintiff requests "$20.000" (sic) in punitive damages against Defendants Dillman, Bennings, Knapp, and Klinger. Plaintiff also requests "$10.000" (sic) in punitive damages against Defendants Hershey, Freeze, and Davis. (Doc. 2-3, p. 6).

In his Complaint, Plaintiff Lark does not state whether he has exhausted all of his available LCCF administrative remedies with respect to his Eighth Amendment claims in accordance with the PLRA requirements.[3] (Doc. 2-3, pp. 1-7).

_____

[3]Plaintiff must exhaust his LCCF administrative remedies with respect to each one of his constitutional claims prior to filing a civil rights suit. *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Woodford v. Ngo*, 126 S.Ct. 2378 (2006). In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including civil rights actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*

We note that in their brief in support of their Motion to Dismiss, Defendants argue, in part, that Plaintiff failed to indicate in his Complaint that he exhausted his administrative remedies available at LCCF with respect to his instant claims. Regardless, Plaintiff does not have

## IV.    DISCUSSION.

We find that Plaintiff fails to state  cognizable Eighth Amendment claims[4] of cruel and unusual punishment insofar as he alleges that Defendants failed to help him walk down the steps in LCCF, even though he had shackles on his legs and his hands were in cuffs, while Defendants were taking him out of the prison to be transported to the courthouse.  Plaintiff 's constitutional claims fail as against Defendants since he does not sufficiently allege that Defendants were deliberately indifferent to a substantial risk of harm to him by failing to help him walk down the steps at LCCF.  Plaintiff does not even allege that he specifically asked any Defendant for help in walking down the steps or that it was apparent to Defendants that he was having difficulty, prior to arriving at the steps and during his successful walk down the first part of the flight of stairs to the landing, walking with the shackles on.  Plaintiff does not state how many total steps there were and how many steps were in the second part of the LCCF steps. Nor does Plaintiff state if there was a railing along side the steps which he could reach with his cuffed hands. Thus, even though Plaintiff did not directly ask any Defendant for help and he

to allege in his Complaint that he exhausted his administrative remedies and Defendants have the burden to plead exhaustion as an affirmative defense.  *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

[4]In both his original Complaint (Doc. 2) and Amended Complaint (**Doc. 2-3**), Plaintiff does not indicate if he was a pre-trial detainee at the time he allegedly fell down the steps or if he was convicted and serving a prison sentence.  Regardless, Plaintiff's constitutional claims are analyzed under the Eighth Amendment standard.  *See Tapp v. Proto*, 718 F.Supp. 2d 598, 616 (E.D. Pa. 2010), which states, if the inmate is a pre-trial detainee, his cruel and unusual punishment claim falls under the Fourteenth Amendment, but the Eighth Amendment standard is utilized.

successfully made it down the first part of the steps to the landing with shackles and handcuffs on, he  claims that Defendants' conduct by failing to help him constituted cruel and unusual punishment.  It is clear, based on Plaintiff's detailed allegations, that Defendants were not actually aware of the existence of the excessive risk to Plaintiff's safety in allowing him to  walk down the LCCF steps unassisted and that Defendants were deliberately indifferent to Plaintiff's safety.  Further, Plaintiff admits that immediately after his fall down the second half of the LCCF steps,  Defendants took him to a hospital outside of the prison for treatment for his bruised ribs.

We find that Plaintiff's allegations against Defendants amount to only negligence claims.

In *Brown v. U.S.*, 2010 WL 936241, *10 (M.D. Pa. March 12, 2010), the Court stated:

> The Eighth Amendment to the United States Constitution states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend VIII. Accordingly, the Eighth Amendment protects inmates from "unnecessary and wanton infliction of pain." *Fuentes v. Wagner,* 206 F.3d 335, 344 (3d Cir.2000) (quoting *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (citations and internal quotations omitted)). To maintain an Eighth Amendment claim of cruel and unusual punishment against a prison official, a plaintiff must establish that the official acted with "deliberate indifference." *Farmer v. Brennan,* 511 U.S. 825, 832-34, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Accordingly, "the plaintiff has the burden to show that defendant knew of, and disregarded, an excessive risk to his health or safety." *Davis v. Muscarella,* 615 F.Supp.2d 296, 301 (D.Del.2009) (citing *Beers-Capitol v. Whetzel,* 256 F.3d 120, 133 (3d Cir.2001) (citations omitted)). "The knowledge requirement is subjective, 'meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware.' " *Davis,* 615 F.Supp.2d. at 301 (quoting *Farmer,* 511 U.S. at 841).

The *Brown* Court, 2010 WL 936241, *12, also stated:

> "[t]he test for whether a prison official was deliberately indifferent

12

is whether that defendant "acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer,* 511 U.S. at 841. "The official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

As stated, we find that Plaintiff's allegations against Defendants only amount to negligence claims. Plaintiff has clearly not alleged that any Defendant was deliberately indifferent to his safety and that any Defendant failed to act despite knowing Plaintiff faced a substantial risk of harm in walking down the prison steps in leg shackles without assistance. We find that Plaintiff has failed to state any Defendant acted with a sufficiently culpable state of mind with respect to his Eighth Amendment claims against them. Plaintiff has failed to allege that any Defendant knew of and disregarded any excessive risk to him by not helping him walk down the second part of the LCCF steps, and that any Defendant was aware of facts from such an inference could be drawn.

Moreover, mere negligence, which Plaintiff has alleged against Defendants, is not sufficient to state a constitutional claim. In *Whitely v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986), the Supreme Court stated that "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize[s] that conduct prohibited by the Cruel and Unusual Punishment clause, ... ." We find that Plaintiff Lark's allegations only show Defendants may have made an error in judgment in failing to help him walk down the prison steps with the shackles on his legs and cuffs on his hand.

Furthermore, in *Caldwell v Beard*, 324 Fed.Appx. 186, 188 (3d Cir. April 27, 2009), the Third Circuit Court of Appeals stated, "[c]laims of negligence, without a more culpable state of

mind, do not constitute 'deliberate indifference.' *See Singletary v. Pa. Dept. Of Corr.*, 266 F.3d

186, 193 n. 2 (3d Cir.2001)." Thus, since we find that Plaintiff's claims alleging Defendants

failed to assist him in walking down the prison steps with shackles on his legs amount only to

negligence, his allegations are not actionable under § 1983.

In his Amended Complaint, Plaintiff names as Defendants, Sargent Steve Davis, CO

George Freeze, CO Hershey, Sheriff Klinger, Sheriff Knapp, Sheriff Bennings, and Sheriff

Dillman. We find that none of stated seven Defendants are sufficiently alleged to have been

personally involved in violating Plaintiff's Eighth Amendment rights. It is well established that

personal liability in a civil rights action cannot be imposed upon a prison official based on a

theory of *respondeat superior. See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v.*

*Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Sutton v. Rasheed*, 323 F.3d

236, 249-250 (3d Cir. 2003);*Carpenter v. Kloptoski*, 2011 WL 995967, *6 (M.D. Pa. 3-17-11).

As discussed above, we find that Plaintiff's detailed allegations in his Amended

Complaint fail to show that any of the seven named Defendants were deliberately indifferent

to his safety on December 28, 2011. Plaintiff alleges that Defendants Hershey and Freeze let

Plaintiff walk down the steps unattended while in handcuffs and shackles. He alleges that the

Officer in Charge, Sargent Davis, violated the Plaintiffs rights by not directing the guards to

escort the Plaintiff down the stairs. Furthermore, Plaintiff states that Defendants Bennings,

Knapp, Klinger, and Dillman violated his Eighth Amendment right against cruel and unusual

punishment because they failed to follow policy in transporting Plaintiff. Plaintiff states that this

was done maliciously and sadistically. (Doc. 2-3, p. 5). As mentioned, we find that all of

Plaintiff's constitutional claims fail since his allegations that Defendants made him walk unassisted down the prison steps with the shackles on his legs and cuffs on his hand amount only to negligence.

Additionally, Plaintiff 's attempt to implicate Defendant Sargent Steve Davis based on the fact that Davis was a supervisor is to no avail since it is well-settled that *respondeat superior* is not a basis to state the personal involvement of a Defendant in a civil rights action. *See Rogers v. U.S.*, 696 F.Supp.2d 472, 488 (W.D. Pa. 2010); *Santiago v Warminister Tp.*, 2010 WL 5071779, *5 (3d Cir. 12-14-10).

The Court in *Rogers v. U.S.*, 696 F.Supp.2d at 488, repeated the personal involvement necessary in civil rights action, and stated:

> When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir.1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." *Id. quoting Brown v. Grabowski*, 922 F.2d 1097, 1120 (3d Cir.1990), *cert. denied*, 501 U.S. 1218, 111 S.Ct. 2827, 115 L.Ed.2d 997 (1991). The supervisor must be personally involved in the alleged misconduct. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988). Section 1983 liability cannot be predicated solely on *respondeat superior*. *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *see also Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293-1295 (3d Cir.1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

As discussed above, we do not find that the Plaintiff has specifically stated the personal involvement of Defendant Davis with respect to his Eighth Amendment claims. *See Rogers, supra*. In light of the above detailed allegations in Plaintiff's Amended Complaint, Defendant Davis had no reason for concern regarding Plaintiff's descent down the prison steps unassisted with the shackles on his legs and cuffs on his hand. Thus, we find that Plaintiff has not sufficiently stated that Defendant Davis was personally involved with his constitutional claims. In *Carpenter v. Klopotoski*, 2011 WL 995967, *7, (M.D. Pa. 3-17-11), the Court stated:

> To maintain a claim for supervisory liability, plaintiff "must show:
>
> 1) that the supervising official personally participated in the activity; 2) that the supervising official directed others to violate a person's rights; or 3) that the supervising official had knowledge of and acquiesced in a subordinate's violations." *Robinson v. City of Pittsburgh,* 120 F.3d 1286, 1293 (3d Cir.1997); *Baker v. Monroe Twp.,* 50 F.3d 1186, 1190-91 (3d Cir.1995).

Thus, based upon our review of the Amended Complaint, we do not find that Plaintiff has sufficiently alleged a claim for supervisory liability as against Defendant Davis. Therefore, we shall recommend that supervisory Defendant Davis be dismissed from this case with prejudice. The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). However, based on well-settled law, we find futility and undue prejudice to Defendant in granting Plaintiff leave to amend his claims for a second time against Defendant Davis. Plaintiff

has already had one opportunity to amend his Complaint.  Thus, we will recommend that

Defendant Davis  be dismissed from this case with prejudice.  *See Rogers, supra.*

Plaintiff also appears to be raising a claim against Defendants based on the state created

danger theory of liability under the Due Process Clause.  "[U]nder the state created danger

doctrine, the state may assume responsibility for the safety of an individual for whom it

affirmatively creates or enhances a risk of danger."  *Kaucher v. County of Bucks*, 455 F.3d 418,

431 (3d Cir. 2006)(citation omitted).  With respect to the state created danger doctrine, the

Third Circuit has set forth the following four required elements:

> (1) the harm ultimately caused was foreseeable and fairly direct;
>
> (2) a state actor acted with a degree of culpability that shocks the conscience;
>
> (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and
>
> (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

*See Kaucher v. County of Bucks*, 455 F.3d 418, 431 (3d Cir. 2006)(citing *Bright v. Westmoreland*

*County*, 443 F.3d 276, 281 (3d Cir. 2006), *cert. denied*, 549 U.S. 1264 (2007)); *see also Walter*

*v. Pike County*, 544 F.3d 182, 191-92 (3d Cir. 2008); *Andrews v. Monroe Cnty. Transit Auth.*,

Civil Action No. 3:11-CV-1859, 2012 WL 1902573, at *4 (M.D. Pa. May 25, 2012); *Tri Thanh*

*Nguyen v. Franklin County*, 2011 WL 7758230 (M.D. Pa. Dec. 16, 2011) adopted by 2012 WL

1378679 (M.D. Pa. April 20, 2012).

We find the elements of the state created danger doctrine to be lacking in Plaintiff's Amended Complaint with respect to all seven Defendants. As discussed, Plaintiff must show each individual Defendant violated his constitutional rights in a §1983 action and he must allege facts showing personal involvement of each named individual Defendant. *See Kaucher v. County of Bucks*, 455 F.3d 431 n. 7(citation omitted).

The Third Circuit Court holds that to effectively establish the first element of a state created danger claim, *i.e.*, foreseeable and direct harm, a plaintiff must demonstrate "an awareness on the part of the state actors that rises to the level of actual knowledge or an awareness of risk that is sufficiently concrete to put the actors on notice of the harm" and that the harm was "a fairly direct result of the defendant's acts." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 238-39 (3d Cir. 2008).

With respect to the second element, while the Third Circuit Court has not expressly defined what constitutes 'conscience-shocking' conduct, it has consistently found that "mere negligence will not 'shock the conscience' for purposes of establishing a substantive due process claim.'" *Andrews*, 2012 WL 1902573, at *5; *see also Schieber v. City of Phila*, 320 F.3d 409, 419 (3d Cir. 2003)("[N]egligence is not enough to shock the conscience under any circumstances."). This Court has found that for conduct to rise to the level of conscience-shocking, "'the environment created by the state actors must be dangerous; they must know it to be dangerous; and ... [they] must have been at least deliberately indifferent.'" *Andrews*, 2012 WL 1902573, at *5(quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 910 (3d Cir. 1997)).

Regarding deliberate indifference, the Supreme Court has held:

> With deliberate indifference lying somewhere between the poles of negligence at one end and purpose or knowledge at the other, the Courts of Appeals have routinely equated deliberate indifference with recklessness ... It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk ...
>
> We reject petitioner's invitation to adopt an objective test for deliberate indifference. We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994). *See also Knox v. Doe*, No. 12-2048, 2012 WL 2849653, at *1 (3d Cir. July 12, 2012) ("Deliberate indifference is proven by showing that a prison official 'knows of and disregards an excessive risk to inmate health or safety' [and] 'describes a state of mind more blameworthy than negligence.'"); *Ball v. Beard*, Civil No. 1:09-CV-845, 2011 WL 7148187, at *7 (M.D. Pa. Oct. 17, 2011) (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001))("'Deliberate indifference is a subjective standard under *Farmer* – the prison office-defendant must actually have known or been aware of the excessive risk to inmate safety.'").

Here, we find that the allegations raised by Plaintiff Lark in his Amended Complaint do not indicate that any Defendant actually knew of a substantial risk to Plaintiff's health and safety in walking down the prison steps unassisted and, then disregarded that risk. Further, we note that even if Plaintiff could demonstrate that Defendants were aware of and disregarded such a substantial risk, Defendants' failure to provide Plaintiff with assistance while he walked down

the steps would still not rise to the level of conscience-shocking conduct because the Courts

in the Third Circuit have consistently held that "mere negligence will not 'shock the conscience'

for purposes of establishing a substantive due process claim.'" *Andrews*, 2012 WL 1902573, at

*5; *see also Schieber*, 320 F.3d at 419. As discussed, we find that Plaintiff Lark's allegations only

show Defendants made an error in judgment in failing to help him walk down the prison steps

with the shackles on his legs and cuffs on his hand. Further, it is not alleged that any Defendant

had a reason for concern as Plaintiff walked down the prison steps and it is not alleged that any

actions on the part of Defendants enhanced the risk of harm to Plaintiff. Therefore, we do not

find that the alleged conduct of any Defendant "shocks the conscience."

Pertaining to the third element of a state-created danger claim, *i.e.*, the foreseeability of

the plaintiff, the Court recently held:

> To satisfy the "foreseeable plaintiff" prong, it need not be alleged that the state's
> actions placed a *specific individual* in danger. Rather, Plaintiffs can satisfy this
> element if [the allegedly harmed individual], "was a member of a discrete class
> of persons subjected to the potential harm brought about by the state's actions."
> *Morse*, 132 F.3d at 913. A "discrete plaintiff" may mean a specific person or a
> specific class of persons. *See id.* "The primary focus when making this
> determination is foreseeability."

*Andrews*, 2012 WL 1902573, at *6.

The fourth and final element of a state-created danger claim requires Plaintiff to prove

that state actor defendants engaged in "'affirmative acts which work to the plaintiffs' detriment

in terms of exposure to danger.'" *Id.*(quoting *D.R. by L.R. v. Middle Bucks Area Vo. Tech. Sch.*,

972 F.2d 1364, 1374 (3d Cir. 1992) (en banc)). The Third Circuit mandates that plaintiffs allege

affirmative acts, "rather than inaction or omission." *Andrews*, 2012 WL 1902573, at *6(citing

20

*Bright*, 443 F.3d at 282). In *Andrews*, this Court held:

> The three necessary conditions to satisfy the fourth element of a state-created danger claim are that: (1) a state actor exercised his or her authority, (2) the state actor took an affirmative action, and (3) this act created a danger to the citizen or rendered the citizen more vulnerable to danger than if the state had not acted at all. [*Bright*, 443 F.3d] at 281-82. More fundamentally, there needs to be a "direct causal connection" between the acts or omissions of the state and the harm which befell the victim. *Morse*, 132 F.3d at 915.

2012 WL 1902573, at *6.

In the instant action, we find that Plaintiff's detailed allegations only amount to inaction or omission by Defendants and that they do not show Defendants affirmatively acted in failing to provide Plaintiff with appropriate assistance. Accordingly, because we do not find that Plaintiff's allegations show any Defendant's omissions rise to the level of conscience-shocking, affirmative conduct, we will recommend that the Court dismiss with prejudice Plaintiff's state-created danger claim. *See Tri Thanh Nguyen v. Franklin County*, *supra*. Also, since Plaintiff has already had one opportunity to amend his Complaint, and since his allegations are very detailed and specific in both his original Complaint and in his Amended Complaint, we will not recommend that the Court give Plaintiff leave to file a second amended pleading.

Finally, Plaintiff cannot seek monetary damages against Defendants in their official capacities. To the extent that Plaintiff is seeking monetary damages (*i.e.*, compensatory and punitive damages) against Defendants, who are all state actors, in their official capacities, we will recommend that these requests for relief be dismissed with prejudice as Plaintiff can only seek monetary damages from Defendants in their personal capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D.

Pa.); *Mitchell v. Luckenbill*, 680 F.Supp. 2d 672, 681 (M.D. Pa. 2010); *Gale v. Stori*, 608 F.Supp.2d 629, 636 (E.D. Pa. 2009); *Walker v. Beard*, 244 Fed.Appx. 439, 440 (3d Cir. 2007); *Hall v. Rhoades*, 2011 WL 4072702, *2 (M.D. Pa. Sept. 13, 2011)("[Inmate's] damage claims brought against Defendants in their official capacities are considered to be against the State itself and are barred by the Eleventh Amendment.").

Further, Plaintiff's requests for specific amounts of monetary damages (Doc. 2-3, p. 6) should be stricken from his Amended Complaint. Since Plaintiff seeks unliquidated damages, he cannot claim specific sums of relief. Pursuant to Local Rule 8.1, M.D. Pa., Plaintiff's requests for specific monetary damages should be stricken from his Amended Complaint. *See Stuckey v. Ross*, Civil No. 05-2354, M.D. Pa., 1-9-06 Order, J. McClure; *Said v. Donate*, Civil No. 07-1550, M.D. Pa.

Thus, we will recommend that the Court dismiss with prejudice all of Plaintiff's constitutional claims raised in his Amended Complaint. Since Plaintiff has already had one opportunity to amend his Complaint, we find futility as well as undue prejudice to Defendants in allowing him a chance to file a second amended complaint with respect to his constitutional claim. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). Finally, since we shall recommend that the Court dismiss with prejudice all of Plaintiff's Eighth Amendment claims from his Amended Complaint, the claims over which this Court would have original jurisdiction, we shall also recommend that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law negligence claims. *See* 28 U.S.C. §1367(c)(3); *Verdecchia v. Prozan,* 274 F.Supp.2d 712, 728 (W.D. Pa.

2003).

Therefore, we will recommend that all of Plaintiff's Eighth Amendment claims against all seven (7) Defendants be dismissed with prejudice from his Amended Complaint. (**Doc. 2-3**). We will also recommend that the Court decline to exercise its supplemental jurisdiction over Plaintiff's remaining state law negligence claims and remand this case back to Lebanon County Court of Common Pleas with respect to Plaintiff's negligence claims.

## V.     RECOMMENDATION.

Based on the foregoing, it is respectfully recommended that Plaintiff's Eighth Amendment claims raised in his Amended Complaint (**Doc. 2-3**) be dismissed with prejudice as against all seven (7) Defendants. Also, as discussed above, it is recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and remand this case back to the Lebanon County Court of Common Pleas with respect to Plaintiff's negligence claims.

Additionally, it is recommended that Defendants' Motion to Dismiss Plaintiff 's Amended Complaint (**Doc. 3**) be denied as moot.

Finally, it is recommended that the Court close this case.

_____

_____      **s/ Thomas M. Blewitt**
                                     **THOMAS M. BLEWITT**
                                     **United States Magistrate Judge**


**Dated:   March 5, 2013**

23

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIE LEE LARK, | : | CIVIL ACTION NO. **1:13-CV-0335** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| SHERIFF DILLMAN, *et al.*, | : | |
| | : | |
| Defendants | : | |

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **March 5, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive

further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may constitute a waiver of any appellate rights.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: March 5, 2013**